A-1 HOME APPLIANCE CENTER, INC.  CIVIL ACTION

VERSUS                           NO: 08-4718

ARCHETYPE RESTORATION CO. OF     SECTION: "A" (1)
OKLAHOMA, INC.

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 13)** filed by plaintiff A-1 Home Appliance Center, Inc. Defendant Archetype Restoration Co. of Oklahoma, Inc. opposes the motion. The motion, set for hearing on July 22, 2009, is before the Court on the briefs without oral argument.

A-1 Home Appliance Center, Inc. ("A-1") has sued Archetype Restoration Co. ("Archetype") for breach of contract. A-1 hired Archetype as its general contractor to complete renovations to its Chalmette, Louisiana store. A-1 alleges that the project was completed 136 days late and that Archetype permitted liens to be filed against the property by its subcontractors, all in violation of the parties' contract. Archetype filed an answer and counterclaim denying liability and seeking additional sums owed under the contract.

A-1 now moves for summary judgment on Archetype's counterclaim. A-1 argues that the counterclaim should be

1

dismissed because there is no evidence entitling Archetype to any relief whatsoever from A-1.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. <u>Id.</u> (citing Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. <u>Id.</u> (citing <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1993)).

According to A-1, Archetype is owed no additional money under the contract. On October 31, 2007, the principals of A-1 and Archetype met onsite to discuss outstanding issues. According to A-1, Archetype's James Hanning presented a bill for $95,290.35 but after negotiations decided to accept $85,000.00. Unfortunately, the parties did not reduce this agreement to writing in accordance with Civil Code article 3072.[1] Hanning stated at his deposition that at the time he was willing to accept any money that he could get that would help reduce the financial hardships that his company was enduring in light of changes and delays that were not related to his work. (Rec. Doc. 13 Exh. 2 at 27). Hanning testified that additional funds remained due under the contract. (Id.).

Based on the foregoing, the Court is persuaded that the motion for summary judgment is not well-founded and should be denied. This matter will be tried to the bench in less than two months and the Court will be in a far better position to evaluate the parties' respective claims and rights.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec.**

---

[1] Louisiana Civil Code article 3072 states:

A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.

La. Civ. Code art. 3072.

**Doc. 13)** filed by plaintiff A-1 Home Appliance Center, Inc. is **DENIED.**

July 27, 2009

													_____
													JAY C. ZAINEY
													UNITED STATES DISTRICT JUDGE